IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| MARSHALL DEANGELO HALE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 17-1137-JDT-cgc |
| ) | |
| TAMMY FORD, ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS*,
DISMISSING CASE WITHOUT PREJUDICE
AND ASSESSING $400 CIVIL FILING FEE

On July 17, 2017, Plaintiff Marshall DeAngelo Hale, Tennessee Department of Correction (TDOC) prisoner number 563836, who was, at the time, incarcerated at the Whiteville Correctional Facility (WCF) in Whiteville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) However, Plaintiff did not pay the $400 civil filing fee or submit a motion to proceed *in forma pauperis* and a copy of his inmate trust account statement for the last six months, as required by the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b).

The Court issued an order on July 18, 2017, directing Plaintiff to either pay the entire $400 filing fee or submit the required financial information within 30 days. (ECF No. 3.) Plaintiff was warned that if he failed to comply with the order in a timely manner the Court would "deny leave to proceed *in forma pauperis*, assess the entire $400 filing fee from his

inmate trust account without regard to the installment payment procedures [of the PLRA], and dismiss the action without further notice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b)." (*Id.* at 2.) However, Plaintiff did not comply with the order within the allotted time.

Although Plaintiff did not notify the Court of any change of address, the Court became aware, through the TDOC Felony Offender Information website,[1] that he had been transferred from the WCF to the Northwest Correctional Complex (NWCX) in Tiptonville, Tennessee. Because it was possible that Plaintiff did not receive the order mailed to him at the WCF prior to his transfer, another copy of the July 18th order was mailed to him at the NWCX on August 30, 2017. However, Plaintiff still has failed to comply. Accordingly, leave to proceed *in forma pauperis* is DENIED, and the complaint is hereby DISMISSED without prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

Notwithstanding the dismissal of this action, the Court is still required to assess the civil filing fee, since the responsibility for paying the filing fee accrues at the time the complaint is filed. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *cf. In re Alea*, 286 F.3d 378, 381-82 (6th Cir. 2002) (dismissal of civil action filed by prisoner pursuant to 28 U.S.C. § 1915(g) did not obviate the obligation to pay the filing fee).

It is ORDERED that Plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at Plaintiff's prison shall withdraw

---

[1] *See* https://apps.tn.gov/foil-app/search.jsp.

from Plaintiff's trust account the sum of $400 and forward that amount to the Clerk of this Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the civil filing fee, the prison official is instructed to withdraw all of the funds in Plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to Plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the civil filing fee is paid in full. The trust account officer is not required to remit any balance less than $10, unless that amount would constitute the final installment of the civil filing fee, provided that any balance under $10 is held in custody for purposes of paying the civil filing fee in this action and is promptly remitted to the Clerk when sufficient funds are deposited into Plaintiff's account to bring the balance to $10.

Each time that the trust account officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

    Clerk, United States District Court, Western District of Tennessee
    111 S. Highland Ave., Room 262, Jackson, TN 38301

and shall clearly identify Plaintiff's name and the case number as it appears on the first page of this order. If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order. If Plaintiff fails to abide by these or any other requirements of this order, the Court may impose appropriate sanctions, including a

monetary fine or restrictions on Plaintiff's ability to file future lawsuits in this Court, without any additional notice or hearing.

The Clerk is ORDERED to mail a copy of this order to the prison official in charge of inmate trust accounts at the Plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Warden of the NWCX to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                                s/ **James D. Todd**
                                                JAMES D. TODD
                                                UNITED STATES DISTRICT JUDGE